IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beverly C. Laribo, ) | Civil Action No. 8:06-1839-SB-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of ) | **OF MAGISTRATE JUDGE** |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This case is before the court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Beverly C. Laribo, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 49 years old on her amended onset date (January 23, 2005), and 50 years old on the date of the Administrative Law Judge's (ALJ) decision. (Tr. at 86.) The plaintiff has a high school education with one year of college. (Tr. at 17.) She has vocationally relevant past work as an assembler and inspector. (Tr. at 102-08.) She alleges a disability due to asthma, sarcoidosis, fibromyalgia, rheumatoid arthritis, hypertension, and shoulder pain. (Tr. at 89.)

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff protectively filed a claim for DIB and SSI on March 22, 2004, alleging she became disabled on September 3, 2002. (Tr. at 54, 86-88.) The plaintiff's applications were denied initially and upon reconsideration. (Tr. at 55-60, 63-66.) A hearing *de novo* was held on November 15, 2005. (Tr. at 14-42.) On December 12, 2005, the plaintiff, through counsel, agreed in writing to amend her alleged onset of disability date to January 23, 2005. (Tr. at 12, 85.)  On January 26, 2006, the ALJ  issued a favorable decision finding the plaintiff was  disabled as of January 23, 2005, because she could not perform her past relevant work or any other work existing in significant numbers in the national economy as of that date. (Tr. at 51-52.) The plaintiff filed a timely request for review with the Appeals Counsel, alleging that she was entitled to benefits from her original alleged onset date of September 3, 2002. (Tr. at 10, 392-93.) The Appeals Council denied the plaintiff's request to review the ALJ's decision  (Tr. at 6-9), thereby making the ALJ's decision Commissioner's final decision of judicial review.

The ALJ made the following findings:

1. The claimant met the insured status requirements of the Act on January 23, 2005. The claimant has not performed any substantial gainful activity since January 23, 2005.

2. The claimant's impairments which are considered to be "severe" under the Social Security Act are rheumatoid arthritis, fibromyalgia, sarcoidosis, and status post hand, wrist and shoulder surgery.

3. The claimant's impairments do not meet or equal in severity the appropriate medical findings contained in 20 CFR Part 404, Appendix 1 to Subpart P (Listing of Impairments).

4. The claimant's allegations are found to be credible.

5. The claimant's impairments prevent her from standing and walking for prolonged periods of time, frequently lifting and carrying more than five pounds with a heaviest weight lifted of no more than ten pounds, and frequently bending and stooping.

6. The claimant is unable to perform her past relevant work.

7. The claimant is within six months of her 50th birthday on the date disability began which is defined as a person closely approaching advanced age. The claimant has a high school education.

8. The claimant does not have transferable skills to perform other work within her physical and mental residual functional capacity.

9.  Based on the claimant's residual functional capacity, and vocational factors, there are no jobs existing in significant numbers which she can perform. This finding is based upon Medical-Vocational Rule 201.14, 20 CFR Part 404, Appendix 2 to Subpart P.

10. The claimant has been under a disability as defined by the Social Security Act and Regulations since January 23, 2005.

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He

must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The plaintiff's sole argument is that her disability began in September of 2001 and, therefore, she is entitled to benefits from that date. The plaintiff, in fact, originally alleged that she became disabled in September 2001. (*See* Tr. at 18-19, 86, 90). It is undisputed, however, that the plaintiff, through counsel, agreed to amend her alleged onset of disability date to January 23, 2005. (Tr. at 12, 49, 85). In his decision, the ALJ recognized the plaintiff's amended onset date (Tr. at 49) and determined that she was disabled as of the same (Tr. at 52).

The plaintiff now summarily contends that she "had no choice" but "to comply with this 'offer'" to amend her onset date. (Pl. Brief at 10.) She claims that her financial situation necessitated that she accept the amended date and avoid a protracted appeal of an unfavorable disability decision based on the alleged 2001 onset date.

The plaintiff has not submitted any evidence or argument concerning the manner in which the stipulation concerning the onset date was reached. The evidence of record reflects, simply, that the plaintiff's attorney agreed, by facsimile transmission, that "Ms. Laribo will accept the amended onset date of January 23, 2005." (Tr. at 12.) The plaintiff never identifies who made the "offer," although her consent to amend the date was faxed to the ALJ. *Id*. Neither does the plaintiff explain why she assumed the ALJ would rule against her based on an earlier date of disability onset, when she contends so vigorously now that the evidence is unequivocal that the disability arose then.

Ultimately, there is no allegation that the plaintiff's amendment was the product of coercion, impartiality, or other misconduct.[2] The plaintiff was represented by counsel – the

---

[2] It should be noted that in her request for review of the ALJ's decision made to the Appeals Council, the plaintiff argued that the ALJ had "mistakenly set her onset date of disability as January 23, 2005 (three days prior to the hearing) . . . ." (Tr. at 392.) Critically, the hearing was in November of 2005 (Tr. at 14) and the plaintiff's stipulation to the amended onset was not made until December (Tr. at 12). By implication, it would seem that the plaintiff believed, at least at some point, that a mistake of the ALJ made prior to the hearing concerning the alleged onset date, substantially influenced her decision to stipulate to the amended date after the hearing. Whether out of discretion or deference or for some

5

same counsel that has made the present appeal – and by all accounts could have rejected any suggestion that she needed to amend her onset date. The plaintiff has not identified for the Court any legal basis to set aside her voluntary amendment and the Court is otherwise bound to enforce the stipulation of fact, agreed to by her. "'[A] stipulation of fact that is fairly entered into is controlling on the parties and the court is bound to enforce it.'" *Richardson v. Director, Office of Workers'*, 94 F.3d 164, 167 (4th Cir.1996) (quoting *Fisher v. First Stamford Bank & Trust Co.*, 751 F.2d 519, 523 (2d Cir.1984)). The plaintiff has not explained how the result could be any other way.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 23, 2007
Greenville, South Carolina

---

other reason, the plaintiff has not raised these issues on appeal, here. Accordingly, they are not before the Court and cannot otherwise be considered because no proffer of evidence or argument has been made in regards to them.

6